Bowen, J.
The parties who sued in this case were nominal plaintiffs only. They had been agents intrusted with the business-of taking risks upon property against the perils of transportation, of fire, and of thieves. For the purpose of executing this agency, they received from the insurance company an open policy to- “ themselves or whom it might concern,”' which became operative-by the indorsement of Samuel E. Mack, the agent of the company, to the extent named by him. Shaw & Co. were forwarding *merchants, and in behalf of the owner of the goods applied [559 to the plaintiffs below to insure them in the usual form. The bill of lading showed that Kuhn and Rumsey, Kuhn and Wood, and M. Amberg, for whose benefit the suit was brought, were owners-of portions of the goods. Wilson & Co., in perfecting this insurance, were the agents of the several owners of the cargo. They acquired and held an interest for them to the amount covered by the insurance. They stood in the light of the mutual agents of the insurers as well as of the insured. Shaw & Co. were interested' only in shipping the goods to their owners, and in procuring for them the insurance which was desired. They acquired no insurable interest Ib-emselves, nor any right to sue. But Wilson & Co. occupy quite a different relation to the consignees. They procured and held, in their own names, but for those whom it might concern, the policy and its indorsement. An interest, covered by the insurance, was thus created, which it is proper for them to enforce, and which is of such a nature as authorized the suit to be brought and carried on in their names for the use of those who have sustained' the loss. The record discloses that the object of this policy was to-insure the persons for whose use the suit is brought, as well as-others who are named in the bill of lading.
The action being, as we think, properly brought in the names of Wilson & Co., the remaining question to determine is whether the loss is covered by the policy.
It is contended, for the plaintiffs in error, that there is nothing; *560, 561 in the risks assumed, coveting the loss or damage sued for; that the policy should be construed to cover only loss by fire. The words .sens and rivers, employed in the policy-, do not, it is urged, include nor relate to canal navigation.
Contracts of this class must be construed, like all others, *in reference to the objects which brought them into life — the inducements which led to their formation. We must ascertain what the parties to them intended, as well by the words which they use to •express their intentions, as the circumstances which attend and influence the making of such instruments. To carry out faithfully the design which governed the parties in forming them, is what the •courts constantly aim to accomplish.
The plaintiffs in error undertook to bear the perils of seas, rivers, fire, enemies, and overpowering thieves, on all shipments when indorsed on the back of the policy by their agent; and to begin their .adventure upon the property, as per indorsement of said agent, .and to continue it during the voyage.
Here we have the express sanction of the plaintiffs to their agent, to accept the adventure by his indorsement; to fix the rate of premium ; to determine the point at which the risk shall commence, and to continue it till the cargo is safely landed. He is authorized to insure the whole voyage, not against fire merely, but against all of the casualties enumerated; not by sea or rivers only, but by ■canals or other channels of transportation. He is a general agent with general and unrestricted powers. He may, by his indorsement,'enlarge or limit the perils of his principal. He is selected for that purpose; intrusted with the duty of deciding for them whether to take the proposed risk or to decline it; whether to accept it as to part or as to all of the enumerated perils ; and, finally, to complete such valid obligation between the parties as the plaintiffs could, in any other form, adopt.
This agent, who must be supposed to have understood his duty and ■to have acted in strict accordance with the wishes of the plaintiffs (for ■th ere is nothing appearing in the record to th e con trary), did i ndorse 561] his aceejffance of *th'e risk on the canal-boatBen. Franklin, from Cincinnati to Covington, Indiana, hy the Miami and Wabash canals. That was a usual and regular water communication between those places, navigated by canal-boats. Another route, partly by river .and partly by canal, might have been adopted, but this one was *562 preferred by the consignors. They proposed it to the agent and it. was accepted.
This policy was dated August 24, 1849, and from that time became effective as an open policy in the hands of Wilson & Co. There are ten indorsements preceding the one in question made by Mack, the agent, on other cargoes, and in behalf of other owners of goods shipped by canals. Between that time and the 10th of November, 1849, there- are some forty other like indorsements, nearly all of which are for risks by canal. Some of them extend the risk to lake and river as well as to canal navigation. There is. no limitation of risk in any of them to some of the specified dangers. The idea of making such limitation does not seem to have been entertained at the time, nor to have influenced, in any degree, the action of the agent in taking risks. And, if we are to look at the business transacted by him for the company, we must infer that it 'consisted, principally, in the insurance of voyages by canal-boats. Not only is this true, but the further inference is forced upon our minds that the insurance company intended to apply its policy to canals as well as to rivers and seas. The location of their agent at a point from which shipments of freight were made and received by canals, and over whose waters an extensive commercial intercourse was kept up with various cities and towns, near to, as well as distant from, Cincinnati, indicates that the plaintiffs designed to compete for and obtain benefits which are derivable from that class of business. The very indorsement made on tho policy, by the plaintiff, at the time of issuing *it to Wilson [562 & Co., shows this to have been the intention. Its language is this : “ Open cargo, steamboat and canal; Protection Insurance Company, Hartford, Conn. James Wilson & Co., for selves and whom it may concern. No. 10,733.”
But again, how did the consignors understand this policy, with the agent’s indorsement thereon ? They were about to forward over a long line of canal a quantity of merchandise belonging to-different owners. The dangers of such a voyage must have been well understood. They consisted principally in damage from water. The risk of fire to a canal-boat is too small, of itself, to induce men who are even over-cautious in their business affairs, to give much attention to it, while with the combined perils of water, fire, enemies, and thieves, for urgent considerations for seeking protection by insurance. The fear of accidents which are peculiar to the mode- *563 of transportation adopted, and are quite likely to occur, is what stimulates the prudent and safe business man to obtain an insurance upon his property which is to undergo such perils, if Shaw & Oo. had been told by Mack that the policy which they proposed to purchase for their consignees, would apply to and cover only loss by fire, can it be supposed that they would, for that purpose, have accepted it ? A most natural answer to such a suggestion would have been, that they expected the cargo, though sent by canal, to be protected against all of the dangers incident to the voyage, which are not expressly excepted — that for such an unimportant •purpose, as protection against loss by fire, their consignees did not desire to contract, and the acceptance of the policy would, therefore, be declined. It is too obvious to admit of doubt that they intended to obtain insurance agaiust all of the enumerated perils; ■that the agent, by his indorsement, intended, to confer that kind of 563] insurance, by enlarging the terms of *tho policy; and that the plaintiffs had, designedly, vested him with power to execute such policies.
We can not, therefore, resist the conclusion that the intentions of the parties, in making this contract, were to insure and to be■come insured for the voyage by canal, against all of the perils to it of a corresponding character with those of seas and rivers, which .are incident to transportation by canal. Wherefore, we are of ■ opinion that there was no error committed by the court below.

Judgment affirmed.

Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.